United States District Court
Southern District of Texas

**ENTERED**

May 29, 2025

Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT PROSPER, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:24-CV-02550 |
| | § | |
| HARRIS COUNTY, ET AL., | § | |
| *Defendants*. | § | |

### <u>MEMORANDUM AND RECOMMENDATION</u>

Plaintiff, proceeding pro se, initiated this case on May 23, 2024 by filing a Petition in state court asserting claims against Harris County and the City of Houston pursuant to 42 U.S.C. § 1983 and state law.[1]  ECF 1-1.  On July 8, 2024, Harris County timely removed the case to this federal court under 28 U.S.C. § 1331 because it presents a federal question.  ECF 1.  With leave of Court, Plaintiff filed an Amended Complaint.  ECF 13; ECF 22.  Now before the Court are Defendant Harris County's 12(b)(6) Motion to Dismiss Plaintiff's Amended Complaint (ECF 25) and Defendant City of Houston's Rule 12(b)(6) Motion to Dismiss (ECF 26).  Having

---

[1] The District Judge referred this case to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Cost and Delay Reduction Plan under the Civil Justice Reform Act, and Federal Rule of Civil Procedure 72.  ECF 18.

considered the parties' submissions and the law, the Court recommends that Defendants' Motions be GRANTED.[2]

## I.    Background

Plaintiff alleges that he went to the police on February 13, 2024 to report that he received threats due to a prior lawsuit he filed against Defendants that was pending before the Fifth Circuit Court of Appeals. ECF 13-1 ¶¶23-24. On February 20, 2024, Plaintiff went to the hospital after being "shot by an individual [w]ho had a friend there at the police station, when he went to make the report." ECF 13-1 ¶¶2, 24. Before entering the hospital, he put his firearm in the glove compartment of his car. *Id.* ¶3. When he awoke from surgery for his gunshot wound, he discovered he was handcuffed to the bed and was told by a police officer that he was under arrest for being a felon in possession of a firearm. *Id.* ¶¶9-10. Plaintiff was charged on February 21, 2024 with the misdemeanor of unlawfully carrying a weapon. ECF 26-9. Plaintiff remained handcuffed to the bed for the duration of his 8-day stay in the hospital and upon release was taken to Harris County jail. ECF 13-1 ¶¶11-17. One day later he was sent back to the hospital due to his medical condition, then sent back to jail for processing and released on bond. *Id.* ¶¶18-19. Ultimately, the Harris County District Attorney dismissed the charge against

---

[2] The Court has reviewed and considered all arguments and issues raised by the parties, whether explicitly addressed herein or not.

Plaintiff for insufficient evidence. *Id.* ¶20. In addition to the stress, fear, pain, and suffering Plaintiff endured, he had to pay $560.00 to get his car out of storage and his firearm was seized. *Id.* ¶¶21, 27. On May 3, 2024, the state court judge ordered the firearm and ammunition be returned to Plaintiff. ECF 26-1.

Plaintiff's Amended Complaint asserts causes of action against the County and City for defamation, malicious prosecution and false arrest, unreasonable seizure, and failure to protect. ECF 13-1 ¶¶32-36. Plaintiff alleges that the Defendants acted with deliberate indifference and that County and City policies were the moving force causing the constitutional violations he suffered. *Id.* ¶¶34-35. Defendants move to dismiss all of Plaintiff's claim with prejudice.

## II.    Rule 12(b)(6) Standards

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), this Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Alexander v. AmeriPro Funding, Inc.*, 848 F.3d 698, 701 (5th Cir.

2017) (citing *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)).  However, the court does not apply the same presumption to conclusory statements or legal conclusions.  *Iqbal*, 556 U.S. at 678-79.

Generally, the court may consider only the allegations in the complaint and any attachments thereto in ruling on a Rule 12(b)(6) motion.  If a motion to dismiss refers to matters outside the pleading it is more properly considered as a motion for summary judgment.  *See* FED. R. CIV. P. 12(d).  However, the court may take judicial notice of public documents and may also consider documents a defendant attaches to its motion to dismiss under 12(b)(6) if the documents are referenced in the plaintiff's complaint and central to the plaintiff's claims.  *See Norris v. Hearst Trust,* 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000); *King v. Life Sch.*, 809 F. Supp. 2d 572, 579 n.1 (N.D. Tex. 2011).  Here, the Court takes judicial notice of the filings in Plaintiff's criminal case 249779201010 in the County Criminal Court at Law 13 for Harris County, Texas, which are available on the Harris County District Clerk website and are central to Plaintiff's claims in this case.

## III.    Analysis

Plaintiff's Amended Complaint asserts the following causes of action against Defendants, all of which arise out of his February 21, 2024 arrest for unlawfully

carrying a firearm:[3]  (1) defamation; (2) state law malicious prosecution and false arrest; (3) under 42 U.S.C. § 1983 for unreasonable seizure, false arrest and malicious prosecution; and (4) failure to protect.  ECF 13-1 ¶¶ 32-36.  The Amended Complaint also makes a passing reference to the ADA.  *Id.* ¶ 29.

### A.   Plaintiff's claims, if any, against C.M. Blackburn should be dismissed.

The caption on Plaintiff's Amended Complaint names Defendant C.M. Blackburn, in his individual capacity.  ECF 13-1 at 2.  Blackburn was not named in Plaintiff's Original Petition in state court.  ECF 1-1 at 1.  There are no allegations in the Amended Complaint identifying Blackburn or alleging he engaged in any wrongful conduct.  It appears from Exhibit 2 to the Amended Complaint that

---

[3] The City argues in its Motion to Dismiss that res judicata and limitations bar Plaintiff's claims related to charges that were dismissed on November 5, 2021, November 10, 2016, and May 9, 2016.  ECF 26 at 4-8.  The only claims asserted by Plaintiff in this case relate to his February 21, 2024 arrest.  *See* ECF 13-1; ECF 34 at 8.  Plaintiff identifies the past arrests in an attempt to show Defendants have a custom or policy of constitutional violations and in support of his allegation that he was being threatened due to a prior lawsuit. *See e.g.* ECF 27 at 4, 16.

The City also urges dismissal of Plaintiff's purported claims under the Eighth Amendment for cruel and unusual punishment and under the Second Amendment for violation of his right to keep and bear arms.  ECF 26 at 6, 13; ECF 28 at 7.  While Plaintiff's Amended Complaint does not assert an Eighth or Second Amendment claim (*see* ECF 13-1) he does raise the Eighth Amendment claim in his Response and SurReply.  ECF 27 at 7; ECF 34 at 8.  Eighth Amendment claims for cruel and unusual punishment can only be asserted by individuals who are imprisoned after having been convicted of a crime. *See Chay v. Montiel*, No. 7:23-CV-206, 2025 WL 972829, at *12 (S.D. Tex. Mar. 11, 2025), *memorandum and recommendation adopted*, No. 7:23-CV-00206, 2025 WL 963591 (S.D. Tex. Mar. 31, 2025) (stating "[t]he protections of the Eighth Amendment against cruel and unusual punishment are limited in scope to convicted prisoners and do not apply to pretrial detainees," citing *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996)).  Because Plaintiff was not being held in custody after having been convicted of a crime, it would be futile to allow amendment to assert an Eight Amendment claim.

Blackburn reported an incident of aggravated assault on February 21, 2024, presumably the assault during which Plaintiff received gunshot wounds. The docket reflects that Plaintiff has failed to cause a summons to issue and to serve Blackburn, and Blackburn has not appeared. Plaintiff's pro se status does not excuse his failure to effect service. *Thrasher v. City of Amarillo*, 709 F.3d 509, 512 (5th Cir. 2013). To the extent Plaintiff intended to assert claims against Blackburn in his individual capacity, they should be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 4(m) for failure to timely serve Blackburn.

**B.    Plaintiff's state law claims for defamation, malicious prosecution, and false arrest should be dismissed due to Defendants' governmental immunity.**

Under Texas law, governmental units enjoy immunity for their own acts or the acts of their employees unless a constitutional or statutory provision waives that immunity. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004); *City of Amarillo v. Martin*, 971 S.W.2d 426, 427 (Tex. 1998). The Texas Tort Claims Act (TTCA) waives governmental immunity in limited circumstances. *Id.*; *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008) (TTCA "provides a limited waiver of immunity for certain suits against governmental entities and caps recoverable damages"). However, the TTCA does not waive immunity for claims "arising out of assault, battery, … or any other intentional tort." TEX. CIV. PRAC. & REM. CODE § 101.057; *see Lewis-Piccolo v.*

*City of Houston*, No. H-16-2897, 2017 WL 2644211, at *4 (S.D. Tex. June 1, 2017), *memorandum and recommendation adopted*, 2017 WL 2633592 (S.D. Tex. June 19, 2017). Malicious prosecution, false arrest, and defamation are intentional torts for which Defendants have not waived immunity. *Id.* at *5 (malicious prosecution and false arrest); *Cantu v. Harris Cnty.*, No. 4:24-CV-2447, 2025 WL 786617, at *4 (S.D. Tex. Mar. 12, 2025) (defamation). Because Plaintiff's state law claims are barred by governmental immunity under the TTCA, this court lacks subject matter jurisdiction over such claims. *See Morgan v. Plano Indep. Sch. Dist.*, 724 F.3d 579, 582 (5th Cir. 2013) (holding that "governmental immunity from suit defeats a trial court's jurisdiction'). Therefore, Plaintiff's state law claims should be dismissed without prejudice. *See Ruiz v. Brennan*, 851 F.3d 464, 473 (5th Cir. 2017) (holding that dismissal for lack of subject matter jurisdiction should be without prejudice).

### C.   Plaintiff's claims under 42 U.S.C. § 1983 should be dismissed pursuant to *Monell*.

It is well-established that a municipality cannot be held vicariously liable under § 1983 for the conduct of its employees. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see Castillanos v. Fairura*, Civil Action No. H-22-CV-1442, 2022 WL 6766160, at *5 (S.D. Tex. Oct. 11, 2022) (citing *Burns v. City of Galveston*, 905 F.2d 100, 102 (5th Cir. 1990)). In order to state a claim against the City or the County under § 1983, Plaintiff must plausibly allege three things: (1) a policy maker; (2) an official policy or custom; and (3) a violation of constitutional

rights behind which the "moving force" was the policy or custom. *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)). The official policy or custom underlying Plaintiff's § 1983 claim must itself be unconstitutional or must have been adopted "with deliberate indifference to the known or obvious fact that such constitutional violations would result." *James v. Harris Cnty.*, 577 F.3d 612, 617 (5th Cir. 2009). Importantly, "without a predicate constitutional violation, there can be no *Monell* liability." *Loftin v. City of Prentiss, Miss.*, 33 F.4th 774, 783 (5th Cir. 2022) (citing *Garza v. Escobar*, 972 F.3d 721, 734 (5th Cir. 2020)). As explained below, Plaintiff's Amended Complaint fails to satisfy any of the three requirements for municipal liability under *Monell.*

### 1. No Policy Maker

Plaintiff alleges that the Harris County District Attorney is the policy maker for purposes of his § 1983 claims. ECF 13-1 ¶ 30; ECF 27 at 4. The Harris County District Attorney is not employed by, and thus is not a policy maker, for the City of Houston.

Neither is the Harris County District Attorney a policy maker for Harris County when making charging decisions.

> A policymaker is an official[ ] whose decisions represent the official policy of the local governmental unit. In other words, an official who has "the power to make official policy on a particular issue.

*Arnone v. Cnty. of Dallas Cnty., Texas*, 29 F.4th 262, 266 (5th Cir. 2022) (alteration in original; citations omitted).  Under the Texas Constitution, the County or District Attorney has exclusive authority to prosecute all criminal cases in the district *on behalf of the state*.  *See Mi Familia Vota v. Ogg*, 105 F.4th 313, 326 (5th Cir. 2024) (citing TEX. CONST. ART. V, § 21).  Although the Harris County District Attorney is elected by Harris County voters, has authority only in Harris County, and makes internal policies and procedures for the District Attorney's Office, the District Attorney *acts on behalf of the state, not the County*, when making charging decisions.  *See Id.* at 272 (discussing the role of the Dallas County District Attorney).  Plaintiff's failure to identify a City or County policy maker requires dismissal of his § 1983 claims.

### 2.  No Policy

Additionally, Plaintiff has failed to allege facts showing a City or County policy that was the driving force behind his alleged constitutional deprivation.  An official policy may take the form of "written policy statements, ordinances, or regulations," or of a "widespread practice that is so common and well-settled as to constitute a custom that fairly represents municipal policy."  *Peterson v. City of Fort Worth, Tex.*, 588 F.3d 838, 847 (5th Cir. 2009) (citations omitted).  However, a policy cannot be inferred from the fact that a plaintiff was harmed by an interaction with a government entity. *Batiste v. Theriot*, 458 F. App'x 351, 358 (5th Cir. 2012)

(holding conclusory allegations are insufficient to state a claim).  Instead, a plaintiff

must plead specific facts when identifying the government policy that caused him

harm.  *Id.*

In this case, Plaintiff does not allege that the City or County have a written

policy that caused him harm, nor has he alleged facts showing a custom or practice

that is so widespread that it has become official policy.   Plaintiff's Amended

Complaint alleges the following policy:

> The decision by the local government [t]o delegate it's [sic] police
> departments['] final decision making authority to the Harris county
> District Attorney's office with regard to affect an arrest or not is the
> moving force behind the [a]rrest where there's clearly an issue with
> probable cause or a lack of evidence to support the Charge.   The
> prosecutor is ultimately charged with making the final decision to arrest
> a person [s]uspected of a crime and not the officer on the scene.

ECF 13-1 ¶30; *see also* ECF 34 at 7 (stating Defendants "delegated [their] police

departments final decision making Authority to the Harris County District

Attorney.").   Plaintiff argues that the Defendants' policy of allowing the District

Attorney to make final prosecution decisions resulted in the violation of his

constitutional rights.   ECF 27 at 4-5.   Plaintiff has failed to satisfy the pleading

requirements for *Monell* liability because the alleged violation of his rights did not

result from a County or City policy that delegated authority to the District Attorney.

Neither the County nor the City delegate charging authority to the District Attorney;

the Texas Constitution provides the District Attorney's charging authority on behalf of the state. *Arnone*, 9 F.4th at 268-69.

Plaintiff's Amended Complaint could be liberally construed as alleging that Defendants' have a policy of encouraging the District Attorney to file charges without probable cause. *See* ECF 13-1 ¶30 (stating that the delegation policy is the moving force behind the arrest "where there's clearly an issue with probable cause or lack of evidence to support the Charge."). But even under a liberal construction, the allegations in the Amended Complaint are wholly insufficient to show a municipal policy. *See Nguyen v. City of Houston*, No. CV H-25-441, 2025 WL 1148676, at *3 (S.D. Tex. Apr. 18, 2025) (stating that "[w]hile self-represented litigants are held to less stringent standards than attorneys, they are not excused from the requirement of alleging sufficient facts to state a plausible claim."). The Amended Complaint fails to allege a common and widespread practice of baselessly charging people with unlawful carrying of a weapon such that the practice fairly represents a municipal policy. Plaintiff presents only conclusory allegations, which are insufficient to state a claim. *See Vouchides v. Houston Cmty. Coll. Sys.*, No. CIV.A. H-10-2559, 2011 WL 4592057, at *12 (S.D. Tex. Sept. 30, 2011) (holding that conclusory allegations of the existence of an unwritten policy, practice, or custom are insufficient at the motion to dismiss stage). To satisfy *Monell*, the alleged custom or practice "must have occurred for so long or so frequently that the course

11

of conduct warrants the attribution to the governing body of knowledge that the objectionable conduct is the expected, accepted practice of city employees." *Zavala v. Harris Cnty.*, Texas, No. 22-20611, 2023 WL 8058711, at *2 (5th Cir. Nov. 21, 2023); *Davidson v. City of Stafford, Texas*, 848 F.3d 384, 396 (5th Cir. 2017) (citation omitted).  In addition, to satisfy *Monell*, a pattern and practice requires "similarity, specificity, and sufficiently numerous prior incidents."  *Id.*; *see also Peterson*, 588 F.3d at 851 (holding that twenty-seven complaints filed between 2002 and 2005 did not establish a pattern of excessive force).  Plaintiff fails to allege a single other factually similar incident, much less a widespread practice.  *See* ECF 13-1.

Plaintiff cites *Pembaur v. City of Cincinnati*, 475 U.S. 469 (1986) for the proposition that a single decision by a prosecutor can give rise to a § 1983 action if the action violates a person's constitutional rights.  ECF 27 at 5, 7.  *Pembuar* holds that:

> If the decision to adopt that particular course of action is properly made by that government's authorized decisionmakers, it surely represents an act of official government "policy" as that term is commonly understood. More importantly, where action is directed by those who establish governmental policy, the municipality is equally responsible whether that action is to be taken only once or to be taken repeatedly.

*Id.* at 481 (internal citations omitted).  As explained above, the District Attorney is not a policy maker for the City or County such that a single charging decision can

fairly be said to represent an official City or County policy. *Pembaur* simply does not apply.

### 3. No Deprivation of Rights

Finally, in addition to and in the alternative, Plaintiff's § 1983 claims should be dismissed because the Amended Complaint fails to adequately plead a violation of Plaintiff's constitutional rights. Plaintiff alleges that there was no probable cause for his arrest because he does not have a felony on his record. ECF 13-1 ¶¶11-12. However, Plaintiff was arrested for unlawfully carrying a firearm, a charge which is broader than that of felon in possession of a weapon.[4]   ECF 26-9. As Plaintiff admits, the charge was dismissed for lack of evidence, not for lack of probable cause.[5]  ECF 13-1 ¶20.

---

[4] The Texas Penal Code § 46.02(a-1) makes it a criminal offense for a person to:
> . . . intentionally, knowingly, or recklessly carr[y] on or about his or her person a handgun in a motor vehicle or watercraft that is owned by the person or under the person's control at any time in which:
> (1) the handgun is in plain view, unless the person is 21 years of age or older or is licensed to carry a handgun under Subchapter H, Chapter 411, Government Code, and the handgun is carried in a holster; or
> (2) the person is:
> (A) engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic or boating; or
> (B) prohibited by law from possessing a firearm.

[5]*See*
https://www.hcdistrictclerk.com/Edocs/Public/ViewFilePage.aspx?Get=84wCZSvdIhA3b4D+2 M9KWhDPw38uEwHzfiKmWtGbkvhFs5XouEHFXjqd9PYM/sQg9qZlbkxsBm6quNhYmXBQ XU3L6Wosa0KyBjDiR3aum3EhgJuoetcfA9h9dkzcSoVBhFAyMQD4gJw= (last visited May 29, 2025).

"Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Santander v. Salazar*, 133 F.4th 471, 481 (5th Cir. 2025) (citations omitted).  An arrest is lawful if probable cause existed to arrest for any offense, not just the offense the officer cited at the time of arrest.  *Id.* The relevant facts as stated by Plaintiff in his Amended Complaint are: Plaintiff drove himself to the hospital with a gunshot wound in his abdomen  (ECF 13-1 ¶ 2);  someone met Plaintiff at the hospital and helped him inside (*Id.* ¶3);  Plaintiff's gun was in plain view when Plaintiff arrived at the hospital because he placed it in the glove compartment as he was getting out of his car (*Id.);*  an HPD officer questioned Plaintiff before he was taken to surgery (*Id.* ¶6); the officer informed Plaintiff that a background check reflected a felony conviction in his criminal history (*Id.* ¶¶10-11); the officer later learned that Plaintiff did not have a felony record.  *Id.* ¶12.  Plaintiff's pleading demonstrates that, at the time of arrest, the HPD officer was aware Plaintiff had been shot, had reason to believe that Plaintiff had been involved in a crime, Plaintiff had a gun in his car, and Plaintiff had a criminal history the officer believed to include a felony conviction. That the officer was incorrect about the felony does not invalidate the probable cause to arrest Plaintiff for unlawfully carrying a weapon.  *Santander*, 133 F.4th at 481. Under the circumstances presented, the officer had probable cause to arrest Plaintiff.

Once probable cause was established for Plaintiff's arrest, the warrantless search of his car was permissible.  *State v. Ballard*, 987 S.W.2d 889, 892 (Tex. Crim. App. 1999) (holding once an officer has probable cause for an arrest the officer may search a vehicle incident to that arrest and it is irrelevant whether the arrest occurs immediately before or after the search).  For these reasons, Plaintiff's § 1983 claims against the City and County should be dismissed.

### D.    Plaintiff's ADA claim should be dismissed.

Plaintiff alleges:

> Being hand cuffed eight days consecutively and having mental and physical disabilities, Plus the pain after going through major surgery. It has been clearly established by the ADA act 1990 Enacted by Congress that police departments are to offer 'reasonable accommodations' With regard to it's policies to accommodate persons with Disabilities.

ECF 13-1 ¶29.  The physical disabilities referenced presumably refer to Plaintiff's allegation that he "suffer[s] from neuropathy and disc disease and lower leg weakness, so I've been using a wheelchair since 2019."  *Id.* ¶14.  Plaintiff's Amended Complaint fails to identify any mental disability.

A disabled plaintiff can succeed on a claim under the ADA "if he can show that, by reason of his disability, he was either 'excluded from participation in or denied the benefits of the services, programs, or activities of a public entity,' or was otherwise 'subjected to discrimination by any such entity.'" *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000) (citations omitted).  The Fifth Circuit has recognized

that the protections of the ADA apply to encounters with law enforcement in some circumstances.  *See id.* (holding that "the broad language of the statute and the absence of any stated exceptions has occasioned the courts' application of Title II protections into areas involving law enforcement."); *see also Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998) (holding that the ADA applies to state prisons because they "provide inmates with many recreational 'activities,' medical 'services,' and educational and vocational 'programs,' all of which at least theoretically 'benefit' the prisoners (and any of which disabled prisoners could be 'excluded from participation in.')").

To sufficiently allege an ADA cause of action for denial of a reasonable accommodation, a plaintiff must plausibly plead that he is a disabled person and was "denied the benefits of a service, program or activity by the public entity that provides such service, program or activity." *Hainze*, 207 F.3d at 799.  Under the ADA, disability is defined as a "physical or mental impairment that substantially limits one or more of the major life activities of such individual."  29 C.F.R. § 1630.2.  "[T]emporary, non-chronic impairments of short duration, with little or no long term or permanent impact," such as surgery for a non-chronic condition, are not disabilities under the ADA.  *E.E.O.C. v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 619 (5th Cir. 2009) (giving "broken limbs, sprained joints, concussions, appendicitis, and influenza" as examples of impairments that do not meet the ADA

definition of disabilities); *Jackson v. Louisiana ex rel. Dep't of Transp. & Dev.*, No.
CIV.A. 09-0069-SS, 2010 WL 324389, at *3 (E.D. La. Jan. 21, 2010) (distinguishing
*E.E.O.C. v. Chevron* in which the plaintiff underwent surgery for a chronic condition
whereas Jackson's surgery "was a temporary non-chronic impairment of short
duration with no permanent impact.").

In this case, Plaintiff's Amended Complaint fails to state a claim under the
ADA for denial of a reasonable accommodation by the City or County. Plaintiff was
not denied the benefits of or participation in any service, program, or activity offered
by the City or County due to being handcuffed and placed under arrest. Nothing the
Defendants did deprived Plaintiff of hospital services. In addition, Plaintiff has not
alleged facts to show that based on his alleged disabilities of neuropathy, disc
disease, and lower leg weakness, he required an accommodation when lying in the
hospital bed recovering his gunshot wound and the resulting surgery. Further,
Plaintiff was not in a position to take advantage of any other City or County activity,
service, or program while in the hospital. Plaintiff does not allege that he asked any
City or County official for a reasonable accommodation due to his neuropathy, disc
disease, and lower leg weakness or that the HPD officer who handcuffed Plaintiff to
the bed knew of such disabilities. Plaintiff alleges only that he complained to the
doctors about his restraints and the doctors asked the officers about it. ECF 13-1

¶16. Because Plaintiff has failed to state a claim against the City or County for denial of a reasonable accommodation, his ADA claim should be dismissed.

### E.    Plaintiff's failure to protect claim should be dismissed.

Plaintiff's failure to protect claim alleges that he reported a credible threat to his life to HPD and to the Harris County District Attorney's Office yet they did nothing to protect him.  ECF 13-1 ¶36.  Local governments only have a duty under the due process clause to protect individuals from private violence in two limited circumstances: (1) when the state has a special relationship with the individual; or (2) or when the state exposes a person to a danger of its own creation.  *Piotrowski v. City of Houston*, 237 F.3d 567, 584 (5th Cir. 2001).  Plaintiff's Amended Complaint fails to state a claim for failure to protect Plaintiff under either of the theories recognized in *Piotrowski.*

First, there was no special relationship between Plaintiff and law enforcement at the time he was shot.  The Fifth Circuit has found that a special relationship exists "between the State and prisoners, involuntarily committed mental patients, people suspected of crimes injured during arrests, and children who are removed from their homes and placed under state supervision."  *Zinsou v. Fort Bend Cnty*., No. 22-20423, 2023 WL 4559365, at *2 (5th Cir. July 17, 2023).  Plaintiff was not in City or County custody at the time he was shot, and thus had no special relationship with state actors that created a duty to protect him from violence.

Second, the so-called "state-created danger theory" requires a plaintiff to show that the state actors increased the danger to plaintiff and that the state actors acted with deliberate indifference. *Piotrowski*, 237 F.3d at 584. As in *Piotrowski*, here "the City [or County] actors did not create the danger [Plaintiff] faced." *Id.* (changes added). Plaintiff alleges he reported threats on his life to HPD and the District Attorney's Office a week before he was shot. ECF 13-1 ¶¶22-24. Therefore, he was already in danger when he went to law enforcement—neither HPD nor the District Attorney's Office created or increased the danger to Plaintiff. For these reasons, Plaintiff's failure to protect claim should be dismissed.

## F. Plaintiff should not be granted leave to amend.

Plaintiff initiated this case in state court on May 23, 2024. ECF 1-1. After removal, the City and the County filed their first Motions to Dismiss notifying Plaintiff of the deficiencies in his pleading.[6] ECF 4; ECF 5. With leave of Court (ECF 12), the City and County refiled their motions. ECF 14; ECF 15. In the meantime, Plaintiff requested leave to file an Amended Complaint. ECF 13. The Court granted leave and, in light of the Amended Complaint, terminated the pending Motions to Dismiss without prejudice to refiling. ECF 22. The City and County then filed the instant Motions to Dismiss (ECF 25; ECF 26), which have been fully

---

[6] The District Judge struck the motions because they did not comply with section 6(B) of the Court's procedures requiring a pre-motion conference. ECF 6.

briefed, including a Response and SurReply from Plaintiff. ECF 27; ECF 34. Plaintiff has not asked for leave to file a second amended complaint. Given this history, the Court finds that Plaintiff has pleaded his best case and further amendment would be futile. *Wiggins v. Louisiana State Univ.-Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (holding that denial of leave to amend is appropriate where a plaintiff has already pleaded its "best case" after having been apprised of the insufficiency of the complaint); *see also Yan v. Taylor*, No. 24-10288, 2024 WL 4579606, at *1 (5th Cir. Oct. 25, 2024) (holding that where amendment would be futile, there can be no abuse of discretion in denying leave to amend).

## IV.    Conclusion and Recommendation.

For the reasons discussed above, the Court RECOMMENDS that Harris County's Motion to Dismiss (ECF 25) and the City of Houston's Motion to Dismiss (ECF 26) be GRANTED.

The Court further RECOMMENDS that (1) Plaintiff's claims against C.M. Blackburn be dismissed without prejudice for want of prosecution; (2) Plaintiff's state law claims against Defendants be dismissed without prejudice for lack of jurisdiction; and (3) Plaintiff's remaining claims against Defendants be dismissed with prejudice for failure to state a claim.

The Clerk of the Court shall send copies of the memorandum and recommendation to the respective parties, who will then have fourteen days to file written objections, pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections within the time period provided will bar an aggrieved party from attacking the factual findings and legal conclusions on appeal. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), superseded by statute on other grounds.

Signed on May 29, 2025, at Houston, Texas.

Christina A. Bryan
United States Magistrate Judge